UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| CARBON ACTIVATED TIANJIN CO. LTD., ET. AL., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Court No. 22-00335 |

# COMPLAINT

Plaintiffs Carbon Activated Tianjin Co., Ltd., and Carbon Activated Corporation, by and through their attorneys, alleges and states as follows:

## ADMINISTRATIVE DETERMINATION TO BE REVIEWED

1. Plaintiffs bring this Complaint to contest the U.S. Department of Commerce's (the "Department" or "Commerce") final determination in *Certain Activated Carbon from the People's Republic of China: Final Results of Antidumping Duty Administrative Review; and Final Determination of No. Shipments; 2020- 2021*, Case No. A-570-904, as published in the Federal Register. *See* 84 Fed. Reg. 67,671 (November 9, 2022). Plaintiffs contests as unlawful and unsupported by substantial evidence the Commerce Department's final results. This determination is contested pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(I) and 19 U.S.C. § 1516a(a)(2)(B)(iii).

2. Pursuant to sections 516A(a)(2)(A)(i)(I) and 516A(a)(2)(B)(iii) of the Tariff Act of 1930, as amended (the "Act"), 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) and 1516a(a)(2)(B)(iii), plaintiffs bring this action to contest Commerce's decision to base the final dumping rate for plaintiffs' who are "separate rate" respondents, on the basis of the margin established for a single mandatory respondent, Jilin Bright Future Chems. Co. (hereinafter "Jilin Bright").

## JURISDICTION

3.  This Court has exclusive jurisdiction over this action pursuant to 28 U.S.C. § 1581(c) because it is a challenge to the final results of an administrative review issued under section 751 of the Act, 19 U.S.C. § 1675.

## STANDING

4.  Plaintiffs have standing as an "interested party" within the meaning of 19 U.S.C. §§ 1516a(f)(3) and 1677(9)(A) because they are a Chinese manufacturer and exporter, and an importer, respectively, of activated carbon subject to the *Final Results*.

5.  Plaintiffs have standing to bring this action under 28 U.S.C. § 2631(c) because they participated in the second administrative review of the antidumping duty order on *Certain Activated Carbon from the People's Republic of China: Final Results of Antidumping Duty Administrative Review; and Final Determination of No. Shipments; 2020- 2021*, and therefore are interested parties to the underlying proceeding and contested *Final Results*.

## TIMELINESS OF ACTION

6.  This action has been timely commenced. Plaintiff filed its Summons on November 9, 2022 (ECF No. 1), within thirty (30) days of publication of the *Final Results* in the Federal Register, *see* 87 Fed. Reg. 67,671 (November 9, 2019), as required by section 516A(a)(2)(A)(i)(I) of the Act, 19 U.S.C. § 1516a(a)(2)(A)(i)(I), and Rules 3(a)(2) and 6(a) of this Court.  This Complaint is timely filed with the time allotted by Rule 6(a)(1)(C) of this Court, and 19 U.S.C. § 1516a(a)(2)(A)(ii).

## BACKGROUND

7.  The antidumping duty order in this proceeding was published in the Federal Register on April 27, 2007, *see* 72 Fed. Reg. 20,988.

8.  The Act provides for periodic reviews of an antidumping or countervailing duty order

"[a]t least once during each 12-month period beginning on the date of publication" of such order "if a request for such a review has been received." 19 U.S.C. § 1675(a)(1). Administrative reviews determine duty assessment and set new cash deposit rates. *Id.* § 1675(a)(2)(C). Notice of initiation of the administrative review, which covers the period from April 1, 2020 through March 31, 2021, was published in the Federal Register on June 11, 2021, 86 Fed. Reg. 31282.

9. Plaintiffs timely requested that the Department conduct an administrative review of the Order to ensure that its antidumping duty margin, if any, is accurately calculated for that time period.

10. Plaintiff Carbon Activated Tianjin timely filed its separate rate certification.

11. On May 6, 2022, Commerce published preliminary results of the second administrative review of the Order. *See Certain Activated Carbon from the People's Republic of China: Preliminary Results of Antidumping Duty Administrative Review, Preliminary Determination of No Shipments; 2020– 2021,* 87 Fed. Reg. 27,094 (May 6, 2022) (Preliminary Results).

12. Commerce selected two "mandatory respondents" to be individually examined to determine the presence or absence of dumping margins. These were Datong Juqiang Activated Carbon Ltd. (hereinafter "Datong Juqiang") and Jilin Bright Future Chemicals Ltd. (hereinafter "Jilin Bright").

13. Commerce's *Final Results* in Certain Activated Carbon from the People's Republic of China: Final Results of Antidumping Duty Administrative Review; and Final Determination of No. Shipments; 2020- 2021 were published on November 9, 2022, *see* 87 Fed. Reg. 67.671 (November 9, 2022. ("*Final Results*"). Commerce also published an Issues and Decisions Memorandum, dated November 2, 2022. ("I&D Memo").

14. In the final results, Commerce determined a zero rate of dumping for mandatory respondent Datong Juqiang. For mandatory respondent Jilin Bright, it found a dumping margin equal to $0.62 per kilogram.

15. For separate rate respondents, including plaintiff Carbon Activated Tianjin Co. Ltd., commerce applied the rate of $0.62/kg which it had applied to a single mandatory respondent, Jilin Bright.

## COUNT I

16. Paragraphs 1 to 16 are incorporated herein by reference.

17. The antidumping statute, which is the best evidence of its contents, requires that "If a large number of exporters and producers are under review, Commerce may "determine the weighted average dumping margins for a reasonable number of exporters or producers by limiting examination to— a sample of exporters, producers or types of products that is statistically valid . . . or [to] exporters and producers accounting for the largest volume of the subject merchandise." 19 U.S.C. § 1677(c)(2)(B).

18. The antidumping statute, which is the best evidence of its contents provides, at 19 U.S.C. § 1673d(c)(5):

Method for determining estimated all-others rate

(A) General rule For purposes of this subsection and section 1673b(d) of this title, the estimated all-others rate shall be an amount equal to the weighted average of the estimated weighted average dumping margins established for exporters and producers individually investigated, excluding any zero and de minimis margins, and any margins determined entirely under section 1677e of this title.

(B)  Exception If the estimated weighted average dumping margins established for all exporters and producers individually investigated are zero or de minimis margins, or are determined entirely under section 1677e of this title, the administering authority may use any reasonable method to establish the estimated all-others rate for exporters and producers not individually investigated, including averaging the estimated weighted average dumping margins determined for the exporters and producers.

19.     In *YC Rubber (North America) v United States*, 2022 U.S. App LEXIS 24259 (August 29, 2022), the United States Court of Appeals for the Federal Circuit held that it was neither reasonable nor lawful for Commerce to base an "all others" rate on the rate determined for a single mandatory respondent. The Court indicated, "Commerce must 'determine the weighted average' for that reasonable number [of respondents], and Commerce provides no reason why it would be reasonable to 'average' a single rate. We conclude that a 'reasonable number' is generally more than one." *Id.* at *11.

20.     It was unlawful and unreasonable for Commerce to base the "separate rate" for Carbon Activated Tianjin Co. Ltd. on the basis of the rate determined for a single mandatory respondent.

**REQUEST FOR JUDGMENT AND PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests that this Court:

1. hold that Commerce's *Final Results* are unsupported by substantial record evidence and not in accordance with the law;

2. remand the *Final Results* to Commerce for disposition consistent with this Court's decision; and

3. provide any other such relief that this Court deems just and appropriate.

    Respectfully submitted,

    NEVILLE PETERSON LLP

    /s/ John M. Peterson
    John M. Peterson
    Patrick B. Klein
    One Exchange Plaza
    55 Broadway, Suite 2602
    New York, NY 10006
    (212) 635-2730
    jpeterson@npwny.com

    /s/ Richard F. O'Neill
    Richard F. O'Neill
    701 Fifth Ave. Ste. 4200-2159
    Seattle, WA 98104
    (206) 905-3648
    roneill@npwny.com

Dated:  January 9, 2023